Zheng "Andy" Liu
750 Alma Lane #8244
Foster City, CA 94404
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ZHENG LIU, an individual,<br><br>      Plaintiff,<br><br>      v.<br><br>MARCUS TERRY, FOSTER CITY POLICE DEPARTMENT, CITY OF FOSTER CITY, and DOES 1-20,<br><br>      Defendants. | Case No.: 3:21-cv-01179-JSC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION TO DIMISS IN ENTIRETY FOR INTENTIONAL VIOLATION OF LOCAL RULE 7-2**<br><br>The Honorable Jacqueline Scott Corley<br><br>Courtroom E<br><br>Date: June 3, 2021<br><br>Time: 11:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 3, 2021, at 11:00 a.m. before the

Honorable Jacqueline Scott Corley, at 450 Golden Gate Avenue, San Francisco, CA 94102,

Plaintiff Zheng Liu ("Plaintiff") will and hereby does move the Court for an order striking

Defendants improperly filed Rule 12 Motion to Dismiss in entirety for intentional violation of Local Rule 7-2.

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

1) Defendants' Rule 12 Motion includes 33 pages, ***32% longer*** than the 25-page limit imposed by Local Rule 7-2.

2) Defendants never sought and were thus never granted leave to enlarge pages under Local Rule 7-11.

3) Defendants have no justification to file excess pages without leave of court.

Plaintiff's motion is based on this Notice; the Memorandum of Points and Authorities; the Declarations of Zheng Liu; the Court's files and records in this action; Plaintiff's Complaint; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

Through this motion to strike, *pro se* Plaintiff challenges the impropriety of the Rule 12 motion filed by the municipality Foster City and its police department in this civil rights violation case.

### I.   FACTUAL BACKGROUND

Appearing *pro se*, Plaintiff is a long time Foster City resident and homeowner. Plaintiff's family and family dogs all reside in Foster City. As a practicing attorney, Plaintiff worked at Solano County Public Defender's office defending the rights of the indigent and has also provided pro bono legal services to the residents of Foster City and those of other Bay Area counties. (Verified Complaint, ¶ 6.)

Before filing this suit, Plaintiff offered to informally settle this dispute with

all defendants named in this case (except Defendant Marcus Terry) by way of a "man-to-man" talk without any demand for money. These Defendants rejected Plaintiff's offer to settle, claiming such offer "inappropriate." (Verified Complaint, ℙ 9.)

On February 18, 2021, Plaintiff filed this civil rights lawsuit. Declaration of Zheng Liu ("Liu Decl.") ℙ 2.

On February 23, 2021, all Defendants requested an extension to file a responsive pleading, claiming the need for more time to consider settlement. Plaintiff obliged. *Id.*, ℙ 3.

On April 9, 2021, all Defendants filed a Rule 12 Motion to Dismiss. *Id.*, ℙ 4. The Rule 12 Motion include **33 pages**—in violation of Local Rule 7-2(b), which requires that no motion more than 25 pages may be filed without prior leave of court. *Id.*, ℙ 5. Defendants' Rule 12 Motion is more than **32% longer** than the 25-page limit imposed by Local Rule 7-2 *Id.*, ℙ 6.

None of the Defendants sought and was granted leave to under Local Rule 7-11 for enlargement of pages. *Id.*, ℙ 7.

On April 9, 2021, Plaintiff reached out to Defendants, requesting a withdrawal of the improperly filed Rule 12 motion. *Id.*, ℙ 8.

To date, none of the Defendants withdraw its improperly filed Rule 12 motion. *Id.*, ℙ 9.

### I.    LEGAL STANDARD

#### A.  Court's power to strike improper filings.

Courts maintain discretion to grant motions to strike in order to avoid "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial [.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (internal quotations omitted).

In addition to this express authority to strike improper filings, a district court has the discretion to strike any motion that fails to comply with the Local Rules. *See Christian v.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice.").

**B.  Local Rule 7 government the filing of motions in this District.**

The Local Rule 7 governs the filing of motion papers in this Court. Absent leave of court, the maximum length of an opening brief is twenty-five pages, and the maximum length of a reply brief is fifteen pages. Civ. L.R. 7-4(b).  A district court has discretion to disregard briefs filed in circumvention of page limits. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996).

The Northern District of California strictly enforces its Local Rule 7 and strikes improper filings made in violation of its Local Rule 7. *See Sanders v. Astrue*, 2013 U.S. Dist. LEXIS 46029, 188 Soc. Sec. Rep. Service 226, 2013 WL 1334238 (**striking excess pages from a motion that improperly included more than 25 pages in violation of Local Rule 7-2**); *Lininger v. Pfleger*, 2019 U.S. Dist. LEXIS 227855, 2019 WL 8013879 (**striking excess pages from an opposition to a motion that improperly included more than 25 pages in violation of Local Rule 7-2**); *Elec. Frontier Found. v. CIA*, 2012 U.S. Dist. LEXIS 47100, 2012 WL 1123529 (**striking an entire motion for summary judgement that improperly included more than 25 pages in violation of Local Rule 7-2**); Sanders v. Astrue, 2013 U.S. Dist. LEXIS 46029, 188 Soc. Sec. Rep. Service 226, 2013 WL 1334238 (**striking all pages after the 25th page from three motions for violating the page limit imposed by Local Rule 7-2**); *Kinstley v. City & County of San Francisco,* 2009 U.S. Dist. LEXIS 130352, 2009 WL 1974607 (striking improper filings made in violation of Local Rule 7-2); *Innovus Prime, LLC v. Panasonic Corp. & Panasonic Corp. of N. Am., Inc.*, 2013 U.S. Dist. LEXIS 93820, 2013 WL 3354390 (striking improper filings made in violation of Local Rule 7-3); *McCurdy v. Rivero*, 2018 U.S. Dist. LEXIS 154109, 2018 WL 4300521 (striking improper filings made in violation of Local Rule 7-

3); *Jackmon v. Fritz*, 2018 U.S. Dist. LEXIS 151692  (striking improper filings made in

violation of Local Rule 7-3); *Shaw v. AMN Healthcare, Inc.*, 326 F.R.D. 247, 2018 U.S. Dist.

LEXIS 112177, 101 Fed. R. Serv. 3d (Callaghan) 432, 2018 WL 3323882 (striking improper

filings made in violation of Local Rule 7-3).

      In fact, the court of in this District routinely strikes improper filings made in violation of

all its Local Rules. *See Geovector Corp. v. Samsung Elecs. Co.*, 2017 U.S. Dist. LEXIS 3626,

2017 WL 76950 (striking improper filings made in violation of Patent Local Rule 3-2); *Huawei*

*Techs., Co v. Samsung Elecs. Co*, 340 F. Supp. 3d 934, 2018 U.S. Dist. LEXIS 172103, 101

Fed. R. Serv. 3d (Callaghan) 1594.

## II.    LEGAL ARGUMENT

### A.  DEFENDANTS' MOTION TO DISMISS SHOULD BE STRIKEN FOR VIOLATING LOCAL RULE 7-2

      Local Rules 7-1 through 7-14 govern motion practice in the Northern District of

California. Local Rule 7-2 requires the following:

    A.      7-2. Notice and Supporting Papers

      **(b)  Form.** <u>In one filed document not exceeding 25 pages in length</u>, a motion must contain:

          1. **(1)**  On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;
          2. **(2)**  In the first paragraph, notice of the motion including date and time of hearing;
          3. **(3)**  In the second paragraph, a concise statement of what relief or Court action the movant seeks; and
          4. **(4)**  In the succeeding paragraphs, the points and authorities in support of the motion—in compliance with Civil L.R. 7-4(a).

    (Emphasis added.)

      Defendants' Rule 12 Motion includes 33 pages, ***32% longer*** than the 25-page limit

imposed by Local Rule 7-2. *Liu Decl.*, ⁋ 6.

Defendants never sought and were thus never granted leave to enlarge pages under Local Rule 7-11. *Id.*, ¶ 7.

**B.  DEFENDANTS FAIL TO PROVIDE ANY JUSTICATION FOR THEIR INTENTIONAL VIOLATION OF LOCAL RULE 7-2**

Defendants have not filed any administrative motion articulating any specific reasons whatsoever why they could not file briefs in compliance with the local rules. For example, Defendants failed to sufficiently explain how this case is "complex" such that additional pages beyond the page limits set forth in Civil Local Rule 7-4(b) are needed to adequately brief the legal issues before the Court.

To the contrary, "it is typically the shorter briefs that are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." *In re M.S.V.*, Inc., 892 F.2d 5, 6 (1st Cir. 1989); *see also Fleming v. County of Kane, State of Ill.*, 855 F.2d 496, 497 (7th Cir. 1988) ("Overly long briefs, however, may actually hurt a party's case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.'") (citation omitted).

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court strike Defendants improper Rule 12 Motion to Dismiss in its entirety.

Dated:  April 12, 2021                                   Respectfully submitted,

By  _____
                                        Zheng Liu, *Pro se*

6

Zheng "Andy" Liu
750 Alma Lane #8244
Foster City, CA 94404
Tel.: (650) 475-6289
Fax: (510) 987-8411
Email: Andy.Liu@AptumLaw.us
*Pro Se*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ZHENG LIU, an individual, | Case No.: 3:21-cv-01179-JSC |
| Plaintiff, | |
| v. | **DECLARATION OF ZHENG LIU** |
| MARCUS TERRY, FOSTER CITY POLICE DEPARTMENT, CITY OF FOSTER CITY, and DOES 1-20, | The Honorable Jacqueline Scott Corley |
| Defendants. | Courtroom E |
| | Date: June 3, 2021 |
| | Time: 11:00 a.m. |

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION TO DIMISS IN ENTIRETY FOR INTENTIONAL VIOLATION OF LOCAL RULE 7-2**

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1. I am the plaintiff in this case. I have personal knowledge of the dispute between Plaintiff and all Defendants named in this action.

2. On February 18, 2021, Plaintiff filed this civil rights lawsuit.

3. On February 23, 2021, all Defendants requested an extension to file a responsive pleading, claiming the need for more time to consider settlement. Plaintiff obliged.

4. On April 9, 2021, all Defendants filed a Rule 12 Motion to Dismiss.

5. The Rule 12 Motion include 33 pages—in violation of Local Rule 7-2(b), which requires that no motion more than 25 pages may be filed without prior leave of court.

6. Defendants' Rule 12 Motion is more than 32% longer than the 25-page limit imposed by Local Rule 7-2 Id.,

7. None of the Defendants sought and was granted leave to under Local Rule 7-11 for enlargement of pages.

8. On April 9, 2021, Plaintiff reached out to Defendants, requesting a withdrawal of the improperly filed Rule 12 motion. A true and correct copy of the email Plaintiff sent to Defendants' counsel requesting their compliance with Local Rule 7-2 is provided as Exhibit A.

9. To date, none of the Defendants withdraw its improperly filed Rule 12 motion.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed on this April 12, 2021 in Foster City, California.

By _____

Zheng Liu, *Pro se*

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION TO DIMISS IN ENTIRETY FOR INTENTIONAL VIOLATION OF LOCAL RULE 7-2**

1

**EXHIBIT A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' MOTION TO DIMISS IN ENTIRETY FOR INTENTIONAL VIOLATION OF LOCAL RULE 7-2**

 Gmail

**Andy Liu <bjliuzheng@gmail.com>**

---

**excess pages in violation of local rule**

---

**Liu, Zheng** <bjliuzheng@gmail.com>                                                           Fri, Apr 9, 2021 at 2:27 PM
To: "Danielle K. Lewis" <dlewis@selmanlaw.com>
Cc: "andy.liu@aptumlaw.us" <andy.liu@aptumlaw.us>

Counsel,

Defendants' Rule 12 motion seems to violate Local Rule 7.2, which states that a motion paper may not exceed 25 pages in length as a single file.

Defendants' paper violates that Local Rule by having 33 pages.

Would Defendants bring themselves into compliance or a motion to strike excess pages is required.

Please advise.

Andy Liu