DANIELLE K. LEWIS (SBN 218274)
dlewis@selmanlaw.com
MICHAEL O. ZITANI (SBN 317827)
mzitani@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Defendants
MARCUS TERRY; FOSTER CITY POLICE DEPARTMENT and  CITY OF FOSTER CITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENG LIU,<br><br>    Plaintiffs,<br><br>v.<br><br>MARCUS TERRY; FOSTER CITY POLICE DEPARTMENT; CITY OF FOSTER CITY, and DOES 1-20,<br><br>    Defendants. | Case No. 3:21-cv-01179-JSC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY** |

## I.     INTRODUCTION

Defendants MARCUS TERRY, FOSTER CITY POLICE DEPARTMENT, and CITY OF FOSTER CITY (collectively "Defendants") hereby submit this opposition to Plaintiff ZHENG LIU's ("Plaintiff" or "LIU") Administrative Motion for Leave to File Surreply.

## II.    BACKGROUND

Defendants timely filed a motion to dismiss Plaintiff's complaint on April 9, 2021.  (Dkt. No. 12)  This Court subsequently denied Plaintiff's motion to strike Defendants' motion to dismiss and Plaintiff's administrative motion for leave to file an overlength opposition brief in response to Defendants' motion to dismiss.  (Dkt. No. 16)  On April 26, 2021, Plaintiff filed his opposition to Defendants' motion.  (Dkt. No. 17)  As Plaintiff's opposition was filed late, the

parties stipulated to providing Defendants additional time to file their reply brief, and the court issued an order in that regard. (Dkt. Nos. 18, 19) On May 3, 2021, Defendants filed its reply to Plaintiff's opposition. (Dkt. No. 20)

On May 4, 2021, Plaintiff contacted counsel for Defendants requesting that Defendants enter into a stipulation for Plaintiff to be permitted leave to file a surreply. Counsel for Defendants did not agree to enter into such a stipulation.

On May 11, 2021, Plaintiff filed the instant administrative motion for leave to file a surreply. (Dkt. No. 25).

### III. ARGUMENT

Plaintiff failed to demonstrate he is entitled to file a surreply in connection with Defendants' Motion to Dismiss.

A party is not entitled to file a surreply after a reply brief is filed absent court approval. Civil L.R. 7-3(d). Courts "generally view[] motions for leave to file surreplies with disfavor." *Garcia v. Biter*, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016) (citation omitted). However, the Court has discretion in granting or denying leave to file a surreply. *Id.* at 1134 (citations omitted). Defendants acknowledge that one such basis for granting leave *can* be where new arguments and evidence are submitted on reply.

Plaintiff's argument centers around Defendants' contention on reply that Plaintiff is not entitled to the *pro se* litigant deference sought by Plaintiff in his opposition. Specifically, in his opposition, Plaintiff argued he is entitled to additional deference as a *pro se* litigant. (Dkt. No. 17, at 2:4-14) Defendants' reply simply responded to the argument raised in Plaintiff's opposition. (Dkt. No. 18, at 1:11-2:2). "[E]vidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (citing *Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12–6467 C MMC, 2013 WL 6577143, at *1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's Administrative Motion for Leave to File Sur–Reply is hereby DENIED ... Mentor does not "[raise new arguments and evidence] ... in its reply brief" ... but, rather, responds to arguments made in Synopsys's opposition"). Here,

Defendants did not provide any new evidence in the reply and did not raise any new issues or arguments. Defendants merely responded to those arguments made in Plaintiff's opposition. As such, Plaintiff does not have grounds for filing and consideration of a surreply. *Garcia*, supra, 195 F.Supp.3d at 1134 (denying plaintiff's motion for leave to file a surreply where defendants reply cited to the record, their motion, various legal authorities and *substantively addressed those new issues raised by plaintiff in his opposition*); *Applied Materials, Inc.*, supra, 2020 WL 8515132, at *1; *Synopsys, Inc.*, supra, 2013 WL 6577143, at *1.

Plaintiff's administrative motion also improperly submits substantive arguments that rise to the level of a surreply in and of themselves. Defendants request that the Court disregard those substantive arguments offered by plaintiff when addressing Defendants' motion to dismiss. Additionally, Plaintiff's proffered surreply (titled "Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Verified Complaint; Memorandum of Points and Authorities") seeks to use this administrative motion as a means of filing an entirely new opposition to Defendant's Motion to Dismiss. (Dkt. No. 25-1) In fact, when read side by side with Plaintiff's original filed Opposition, Plaintiff's new opposition addresses the same issues in the exact same order as Plaintiff's original Opposition. (Dkt. No. 25-1) Not only is this purported filing in contravention of Plaintiff's own request to only address the *pro se* deference issue, but it is improper under the Civil Local Rules.

In the event the Court is inclined to consider any of Plaintiff's arguments raised in this administrative motion, or its attachments to address Defendants' reply or initial motion to dismiss, Defendants seek leave to respond to those arguments in a separate filing.

///
///
///
///
///
///
///

## IV. CONCLUSION

Defendants respectfully request the Court deny Plaintiff's administrative motion for leave to file a surreply.

To the extent the Court considers the substantive arguments raised by Plaintiff in his filing, Defendants respectfully request leave to file a response to said arguments.

DATED: May 13, 2021                     SELMAN BREITMAN LLP

By: */s/ Danielle K. Lewis*
DANIELLE K. LEWIS
MICHAEL O. ZITANI
Attorneys for Defendants
MARCUS TERRY; FOSTER CITY POLICE DEPARTMENT and CITY OF FOSTER CITY