UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENG LIU,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS TERRY, et al.,<br><br>    Defendants. | Case No. 21-cv-01179-JSC<br><br>**ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY**<br><br>Re: Dkt. No. 25 |

Before the Court is Plaintiff's administrative motion for leave to file a surreply. (Dkt. No. 25.) After careful consideration of the parties' briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L. R. 7-1(b), and DENIES Plaintiff's motion.

Plaintiff argues that "good cause" exists to grant the administrative motion because Defendants raise the "new argument" that attorney pro se litigants should be treated "more harshly" than other pro se litigants. (Dkt. No. 25 at 2.) Plaintiff argued in his opposition to Defendants' motion to dismiss that, when ruling on a Rule 12(b)(6) motion, pro se plaintiffs and their complaints should be held to a "less stringent standard than formal pleadings drafted by lawyers[,]" and that Plaintiff is an "attorney who has never practiced civil rights laws and should thus be treated as a pro se party in this § 1983 action." (Dkt. No. 17 at 8 n.1.) *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). In reply, Defendants stated that "Plaintiff argues in his pleadings [attorneys] are entitled to additional deferential treatment and benefit of the doubt as pro se litigant[s]," and cited several cases in support of their counterargument that this deferential standard does not apply to pro se litigants who are themselves lawyers, and as such that "Plaintiff is not entitled to any special consideration as a pro se litigant[.]" (Dkt. No. 20 at 8.) *See also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010);

*Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

In reply, Defendants responded to an argument Plaintiff raised in his opposition brief with citations to Plaintiff's opposition and supporting legal authority. Contrary to Plaintiff's argument, Defendants do not impermissibly raise new arguments in their reply brief. *See Synopsys, Inc. v. Mentor Graphics Corp.*, No. 12-6467 C MMC, 2013 WL 6577143, at *1 n.1 (N.D. Cal. Dec. 13, 2013) ("Synopsys's Administrative Motion for Leave to File Sur–Reply is hereby DENIED. Contrary to Synopsy's argument, Mentor does not attempt for the first time to [raise new arguments in reply] but, rather, responds to arguments made in Synopsys's opposition[.]") (internal quotation marks and citations omitted); *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("However, evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief.") (citation omitted). *See also Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (denying motion for leave to file surreply where "[d]efendants cited to the record, their [m]otion, and various legal authorities and substantively addressed those new issues raised by the [p]laintiff in his opposition").

For these reasons, Plaintiffs' motion for leave to file a surreply is DENIED. As such, the Court need not address whether Plaintiff, as a licensed attorney, should be treated the same as other pro se litigants.

This Order disposes of Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: May 14, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge