United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZHENG LIU,

        Plaintiff,

   v.

MARCUS TERRY, et al.,

        Defendants.

Case No. 21-cv-01179-JSC

**ORDER RE: MOTION TO DISMISS**

Re: Dkt. No. 12

Zheng Liu ("Plaintiff") brings claims for federal constitutional violations, municipal liability, and state law violations against Officer Marcus Terry, Foster City Police Department ("FCPD"), City of Foster City ("Foster City") and Does 1-20. After carefully considering the parties' written submissions and having had the benefit of oral argument on June 17, 2021, the Court DENIES in part and GRANTS in part Defendants' motion to dismiss.

**I.    Section 1983 Claims Against Officer Terry**

    **A. Unconstitutional Search and Seizure – Fourth Amendment**

        **1)  Unconstitutional Search**

Defendants' motion to dismiss Plaintiff's Fourth Amendment claim for an unconstitutional search is denied. A search in violation of the Fourth Amendment occurs when the government "physically occupie[s] private property for the purposes of obtaining information" without a warrant. *Patel v. City of Montclair*, 798 F.3d 895, 898 (9th Cir. 2015) (internal citations and quotation marks omitted). Drawing all reasonable inferences from the facts alleged in Plaintiff's favor, Plaintiff plausibly alleges that Officer Terry entered Plaintiff's private property for the purposes of obtaining information without a warrant.

First, Plaintiff alleges that Officer Terry "without consent, . . . stepped onto the land of Plaintiff's backyard, stuck his left foot in the pathway of the side door to prevent Plaintiff from closing it." (Compl. at ¶ 34.) This allegation supports an inference that Officer Terry entered Plaintiff's private property. Second, given Plaintiff's allegations that when Officer Terry first came to Plaintiff's home he yelled to Plaintiff "where is your wife," and "what about the subpoena," and then "stepped onto the land of Plaintiff's backyard," (Compl. at ¶¶ 32, 34, 37), Plaintiff plausibly alleges that Officer Terry entered Plaintiff's private property to obtain information. This inference is further supported by Plaintiff's allegation that Officer Terry "stated that he was in fact detaining Plaintiff so that he could investigate a 911 welfare call." (Compl. at ¶ 37.)

Defendants' insistence that the Complaint does not plausibly allege that Officer Terry conducted a search because Plaintiff alleges that Officer Terry did not make "the slightest effort to investigate any person's welfare," but instead "threw a tantrum" (Compl. at ¶¶ 38-39; Dkt. No. 12 at 15), improperly draws inferences in Defendants' favor. *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (The court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party.").

### 2) Unconstitutional Seizure

Defendants' motion to dismiss Plaintiff's Fourth Amendment claim for an unconstitutional seizure is denied. A seizure "occurs when a law enforcement officer, through coercion, physical force[,] or a show of authority, in some way…communicated to a reasonable person that he was not at liberty to ignore the police presence to go about his business." *Hopkins v. Bonvicino*, 573 F.3d 752, 773 (9th Cir. 2009) (internal citations and quotation marks omitted). "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). "As long as the person to whom questions are put remains free to disregard

the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification." *Id*. at 554. Drawing all reasonable inferences from the facts alleged in Plaintiff's favor, Plaintiff plausibly alleges that Officer Terry detained Plaintiff on Plaintiff's private property.

Plaintiff's allegation that Officer Terry "stepped onto the land of Plaintiff's backyard, [and] stuck his left foot in the pathway of the side door to prevent Plaintiff from closing it" plausibly supports an inference that Officer Terry forcefully stopped Plaintiff from leaving (going into his house) and therefore seized him. (Compl. at ¶ 34.) This inference is further supported by the allegations of paragraph 35 as well as the allegation that Officer Terry "stated that he was in fact detaining Plaintiff so that he could investigate a 911 welfare call." (Compl. at ¶ 37.)

Defendants' attempt to show Plaintiff's allegations are contradictory and therefore somehow implausible is unpersuasive. Specifically, Defendants contend that by alleging Officer Terry "physically invaded" Plaintiff's backyard, while simultaneously "demanding Plaintiff come out of his own backyard" (Dkt. No. 20 at 10; Compl. Ex. B at ¶¶ 3-4; Compl. at ¶¶ 34-35), Plaintiff somehow does not plausibly allege a seizure. Once again, Defendants improperly draw inferences in their favor. *See Manzarek*, 519 F.3d at 1031. Drawing reasonable inferences in Plaintiff's favor, it is possible for Officer Terry to be both in Plaintiff's backyard while requesting Plaintiff come out of the backyard. Further, Defendants nowhere address the allegation that Officer Terry expressly told Plaintiff that he was being detained.

Defendants' alternative argument that any seizure was lawful as a matter of law under *Terry v. Ohio*, 392 U.S. 1, 19, n.16 (1968) because it took place in public and was brief in duration is also unpersuasive. Plaintiff alleges that he was seized on his own private property, not on public property. Defendants cite no case that holds that *Terry* allows a police officer to enter a backyard without permission to detain someone. Further, Defendants do not identify facts in the complaint that would support a finding of reasonable suspicion to justify a *Terry* stop. *See Thomas v. Dillard*, 818 F.3d 864, 874–75 (9th Cir. 2016), as amended (May 5, 2016) ("the officer must have reasonable suspicion 'the person apprehended is committing or has committed a criminal offense'"). To prevail on a motion to dismiss, Defendants must do more. *See Terry*, 392

3

U.S. at 21 ("[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.").

### 3) Qualified Immunity

In one sentence in their motion Defendants baldly allege that Plaintiff's search and seizure claim is barred by qualified immunity. An officer is entitled to qualified immunity unless (1) the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) the right was "clearly" established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the answer to the first prong is "no," then the inquiry ends there, and the plaintiff cannot prevail; if the answer is "yes," then the court must address the second prong. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

As to the first prong, drawing all reasonable inferences in Plaintiff's favor, the answer is yes. As to the second, Defendants provide no authority to show the right was not "clearly" established. Thus, Defendants fail to meet their 12(b)(6) burden. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) ("Qualified or good faith immunity is an affirmative defense that must be pleaded by a defendant official." (internal citations and quotation marks omitted)).

## B. Excessive Force – Fourteenth Amendment

Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim for excessive force is granted with leave to amend. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (internal citations and quotation marks omitted). A plaintiff states a claim of excessive force under the Fourteenth Amendment when the force occurs during pretrial detention, *Graham*, 490 U.S. at 395 n.10, and involves "egregious [] conduct in the form of excessive and brutal use of physical force" that rises to the level of "a violation of substantive due process," *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990) (internal citations and quotation marks omitted). Drawing all reasonable inferences from the facts alleged in Plaintiff's favor, Plaintiff does not plausibly allege he was a pre-trial detainee.

4

While Plaintiff alleges Officer Terry "stated he was in fact detaining Plaintiff" and "demanded [Plaintiff] step out of his backyard or otherwise risking [sic] an arrest," Plaintiff was never arrested. (Compl. at ¶ 37; Compl. Ex. B at ¶ 1.) Plaintiff provides no authority that would support his pre-trial detainee status and the Supreme Court has specifically held that excessive force claims against law enforcement officers during an investigatory stop or other seizure must be brought under the Fourth Amendment. *Id.* at 394-95; *Godoy v. Cnty. of Sonoma*, No. 15-CV-00883-WHO, 2016 WL 269867, at *4 (N.D. Cal. Jan. 22, 2016). Accordingly, Defendants' motion to dismiss Plaintiff's Fourteenth Amendment claim for excessive force is granted with leave to amend.

## II. Municipal Liability Claims against Foster City and FCPD

Defendants' motion to dismiss Plaintiff's municipal liability claims against Foster City and FCPD is denied in part and granted in part. To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must allege: (1) the plaintiff possessed a constitutional right to which he or she was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40, Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997).

As to the first factor, Plaintiff has plausibly alleged he was deprived of his Fourth Amendment right to be free from unreasonable search and seizure. As to the remaining factors, to establish a policy, a plaintiff must allege: (1) a final policymaker's ratification of the unconstitutional decision or action; (2) a deliberately indifferent omission, such as a failure to train; or (3) an unconstitutional custom, practice or policy. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), overruled on other grounds by *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Here, Plaintiff contends that municipal liability exists under all three.

### A) FCPD and Foster City are Properly Named Defendants

As a threshold matter, Defendants' argument that FCPD and Foster City are not properly named defendants is without merit. Defendants' reliance on *United States v. Kama*, 394 F.3d

5

1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) to argue that municipal liability cannot be imposed on police departments and, by extension, the city under which the department operates is flawed for three reasons. First, as a concurring opinion, it is not binding on the Court. *Pub. Watchdogs v. S. Cal. Edison Co.*, 984 F.3d 744, 757 n. 7 (9th Cir. 2020) ("[C]oncurring opinions have no binding precedential value."). Second, the Ninth Circuit case cited by Judge Ferguson stands for the opposite conclusion. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("It is beyond dispute that a local governmental unit or municipality can be sued as a "person" under section 1983." (internal citations and quotation marks omitted)). Third, cities are properly named defendants for municipal liability claims. *Castro v. City of Union City*, No. 14-CV-00272-MEJ, 2014 WL 4063006 at *5 (N.D. Cal. Aug. 14, 2014) (granting leave to amend to name Union City as the proper named defendant for Section 1983 municipal liability claims). Thus, the City at least is properly named as a defendant.

### B) Ratification

Defendants' motion to dismiss Plaintiff's municipal liability claim on the theory of ratification is denied. A municipality may be held liable for an isolated constitutional violation where the final policymaker ratified a subordinate's actions creating the violation. *Christie v. Iopa*, 176 F.3d 1231, 1238 (9th Cir. 1999). "Municipal liability only attaches where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. . . The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-82 (1986). Drawing all reasonable inferences from the facts alleged in Plaintiff's favor, Plaintiff plausibly alleges that FCPD Police Chief Tracy Avelar, as a policymaker with final authority, ratified Officer Terry's unlawful search and seizure.

First, Plaintiff alleges he "lodged a formal citizen complaint" regarding Officer Terry's conduct with Chief Avelar (Compl. Ex. B). Chief Avelar's title—Chief of Police—plausibly supports an inference that she has final decision-making authority. Second, Plaintiff's allegation that after this complaint was filed, FCPD Lieutenant Mark Lee called Plaintiff and requested that he drop his complaint (Compl. at ¶ 44), supports an inference that Lieutenant Lee did so at the

direction of Chief Avelar. Therefore, by failing to address Plaintiff's complaint and instead seeking to have it dismissed, Plaintiff plausibly alleges that Chief Avelar thus ratified Officer Terry's conduct.

Defendants do not address the rulemaking authority of Chief Avelar but instead assert that the Complaint does not contain any factual allegations that support ratification. In doing so, Defendants are, once again, improperly drawing inferences in their favor. *See Manzarek*, 519 F.3d at 1031. As such, Defendants' motion to dismiss Plaintiff's municipal liability claim on the theory of ratification is denied.

### C) Failure to Train

Defendants' motion to dismiss Plaintiff's municipal liability claim on the theory of failure to train is granted with leave to amend. A municipality may be held liable for a constitutional violation when the "municipality's failure to train its employees in a relevant respect [] amount[s] to deliberate indifference to the rights of persons with whom the [untrained employees came] into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (internal citations and quotation marks omitted). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. at 61 (internal citations and quotation marks omitted). Deliberate indifference may be shown through "[a] pattern of similar constitutional violations." *Id*. at 61 (internal citations and quotation marks omitted),

Plaintiff alleges that FCPD (1) falsely arrested a resident (Compl. at ¶ 2); (2) tased and shot "a mentally disturbed resident" (*Id*. at ¶¶ 2, 15-16); (3) fabricated a police video related to the tasing and shooting of the "mentally disturbed resident" (*Id*. at ¶¶ 17-19); and (4) "pirated" a policy manual from another police department (*Id*. at ¶ 21). However, Plaintiff fails to identify a deficiency in training that would plausibly support an inference that there was a deliberate indifference to Plaintiff's constitutional rights. *Connick*, 563 U.S. at 61. Moreover, because Plaintiff's underlying constitutional violation does not involve a false arrest nor (as currently pled) a use of excessive force, a pattern that suggests a failure to train is equally unsupported. *Id*. at 61. As such, Defendants' motion to dismiss Plaintiff's municipal liability claim on the theory of failure to train is granted with leave to amend.

7

**D) Unconstitutional Custom, Practice, or Policy**

Defendants' motion to dismiss Plaintiff's municipal liability claim on the theory of unconstitutional custom, practice, or policy is granted with leave to amend. A municipality may be held liable for constitutional violations when they are the product of a municipality's deliberate custom, practice, or policy. *Monell* 436 U.S. at 694-95 (internal citations and quotation marks omitted). The plaintiff must "specify the contents of the policies, customs, or practices the execution of which gave rise to [the plaintiff's] constitutional injuries." *Mateos-Sandoval v. Cnty. of Sonoma*, 942 F.Supp.2d 890, 900 (N.D. Cal. 2013), aff'd sub nom. *Sandoval v. Cnty. of Sonoma*, 591 F.Appx 638 (9th Cir. 2015). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). The Ninth Circuit has found that one or two incidents of similar constitutional violations are inadequate to establish municipal liability on the theory of unconstitutional custom, practice, or policy. *Meehan v. Cnty. of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988); *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989).

Here, Plaintiff fails to specify a custom, practice or policy that gave rise to his constitutional injuries. *Mateos-Sandoval*, 942 F.Supp.2d at 900. Further, even when Plaintiff's allegations are viewed in his favor, Plaintiff's does not allege any other similar constitutional violation. Further, even if the allegation of a false arrest is viewed as similar for the purpose of imposing liability, two similar incidents is still not enough. *Meehan*, 856 F.2d at 107; *Davis*, 869 F.2d at 1233-3. As such, Defendants' motion to dismiss Plaintiff's municipal liability claim on the theory of unconstitutional custom, practice, or policy is granted with leave to amend.

**III.   State Law Claims**

**A) Public Entity Liability**

Defendants' motion to dismiss all state law claims against Foster City and FCPD is granted with leave to amend. "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment;" however, "all

governmental tort liability must be based on statute, and California courts have held that plaintiffs must plead the statutory basis for liability." Cal. Gov't Code § 815; *see also Mahach–Watkins v. Depee*, No. C 05–1143 SI, 2005 WL 1656887, at *2 (N.D. Cal. July 11, 2005). Accordingly, because Plaintiff fails to provide the statutory basis to hold Foster City and FCPD liable, Defendants' motion to dismiss Plaintiff's battery by a police officer, intentional infliction of emotional distress, Bane Act, negligent use of force, and negligent infliction of emotional distress claims against Foster City and FCPD is granted with leave to amend.

### B) Battery by a Police Officer

Defendants' motion to dismiss Plaintiff's battery by a police officer claim is granted with leave to amend. To bring a claim of battery, the plaintiff must allege: (1) the officer intentionally committed an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused harm to the plaintiff. *Tekle v. U.S.*, 511 F.3d 839, 855 (9th Cir. 2007).

Here, Plaintiff fails to allege that Officer Terry's actions resulted in contact with his person. *Id*. Plaintiff alleges that Officer Terry "almost" struck Plaintiff's side door into Plaintiff's person. (Compl. at ¶ 34.) This is not enough. Drawing all inferences from the facts alleged in Plaintiff's favor, Plaintiff has failed to allege battery by a police officer.

The Complaint, however, is unclear as to whether Plaintiff intended his cause of action to be battery or assault. Plaintiff lists assault by a police officer as the cause of action on the cover page of the Complaint (Compl. at 1) and battery by a police officer within the Complaint itself (Compl. at ¶¶ 103-109). Plaintiff's argument that "California courts have fused battery and assault claims" (Dkt. No. 17 at 20) has no merit. *See People v. Thurston*, 71 Cal. App. 4th 1050 (Cal. Ct. App. 1999) (noting that battery and assault that "each constitutes a discrete offense" (internal citations and quotation marks omitted)). Therefore, Plaintiff's alternative is dismissed without prejudice because the unclear cause of action within the Complaint fails to give Defendants "fair notice of what the plaintiff's claim is. . . " *Swierkiewics v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal citations and quotation marks omitted).

**C) Intentional Infliction of Emotional Distress**

Defendants' motion to dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claim is granted with leave to amend. To state a claim for IIED, the plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (internal citation omitted). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id*.

Plaintiff's allegations that (1) "Defendants acted intentionally and/or with reckless disregard"; (2) "Defendants' conduct was extreme and outrageous"; and (3) "[a]s a direct result of the conduct," Plaintiff suffered "suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame and panic," are no more than a "formulaic recitation of the elements" of IIED. (*Id*. at ¶¶ 112-14); *Twombly*, 550 U.S. at 555. Further, despite Plaintiff's plausible search and seizure claim, Plaintiff fails to allege facts that plausibly support an inference that Officer Terry's conduct was so extreme that it exceeded all bounds of that usually tolerated in a civilized community. *Corales*, 567 F.3d at 571. Thus, drawing all reasonable inferences from the facts alleged in Plaintiff's favor, Plaintiff fails to plausibly allege a claim for IIED. Accordingly, Defendants' motion to dismiss Plaintiff's IIED claim is granted with leave to amend

**D) Bane Act**

Defendants' motion to dismiss Plaintiff's Bane Act claim is denied. The Bane Act provides a private right of action against a person who interferes by "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state…" Cal. Civ. Code § 52.1. A plaintiff must allege (1) intentional interference or attempted interference with a state or federal constitutional or legal right; (2) the interference or attempted interference was by threats, intimidation or coercion; and (3) "a specific intent to violate the arrestee's right to freedom from

unreasonable seizure." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (internal citations and quotation marks omitted; *see also Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F.Supp.2d 1084, 1103 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention[], and search can constitute interference by threat, intimidation, or coercion if the officer lacks probable cause to initiate the stop, maintain detention, and continue a search." (internal citations and quotation marks omitted)); *Venegas v. Cnty. of Los Angeles*, 32 Cal. 4th 820, 841 (2004) (permitting a cause of action under the Bane Act "for unreasonable search and seizure even though there was no claim that the police used excessive physical force in carrying out the search and seizure"). Further, the definition of "threats, intimidation, or coercion" is the plain meaning. *Cole*, 387 F.Supp.2d at 1103. Drawing all reasonable inferences from the facts alleged in Plaintiff's favor, Plaintiff plausibly alleges that (1) Officer Terry interfered with his Fourth Amendment right to be free from unreasonable search and seizure; (2) that the interference was effectuated by intimidation and coercion; and (3) Officer Terry acted with the specific intent to violate Plaintiff's right.

First, Plaintiff plausibly alleges a violation of his Fourth Amendment right to be free from unreasonable search and seizure. Second, Plaintiff alleges that while interfering with his Fourth Amendment right, Officer Terry yelled at Plaintiff with a "raised voice, intense facial expressions, [in] close proximity to Plaintiff, dress[ed] in a police uniform, [and] positioning himself with two other uniformed police officers." (Compl. at ¶ 31-38.) This allegation, taken as true, reasonably supports an inference that Officer Terry interfered with Plaintiff's Fourth Amendment right by intimidation and coercion. Third, Plaintiff's allegations that Officer Terry detained Plaintiff for the purpose of obtaining information without consent on Plaintiff's own private property, plausibly supports the inference that Officer Terry acted with "a specific intent" to violate Plaintiff's Fourth Amendment right to be free from search and seizure. (Compl. at ¶¶ 34, 37); *Reese*, 888 F.3d at 1043. Accordingly, Defendants' motion to dismiss Plaintiff's Bane Act claim is denied.

### E) Negligent Use of Force

Defendants' motion to dismiss Plaintiff's negligent use of force claim is granted with leave to amend. To state a claim for negligence, the plaintiff must allege "that the defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013). Police officers have a duty to use reasonable care when using excessive force. *Hayes*, 57 Cal. 4th at 629. "The reasonableness of an officer's conduct is determined in light of the totality of the circumstances." *Id*. This standard is "broader than federal Fourth Amendment law" and considers an officer's conduct prior to the use of excessive force. *Id*. at 639. However, determining whether an Officer used excessive force "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal citations and quotation marks omitted).

Here, Plaintiff fails to plausibly allege that the use of force used by Officer Terry was unreasonable. Plaintiff alleges that Officer Terry "suddenly and forcefully pushed open Plaintiff's side door" which "almost" struck the Plaintiff. (Compl. at ¶ 34.) However, Officer Terry's use of force did not result in contact with Plaintiff and Plaintiff suffered no physical injury. Resultingly, because Plaintiff fails to plausibly allege Officer Terry used excessive force, Plaintiff fails to plausibly allege Officer Terry had a duty to use reasonable care when using excessive force. Accordingly, Defendants' motion to dismiss Plaintiff's negligent use of force claim is granted.

#### 1) Negligent Infliction of Emotional Distress

Plaintiff's negligent infliction of emotional distress ("NIED") claim is dismissed without prejudice. Under California law, NIED is not an independent tort. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993).

Here, because Plaintiff fails to state a claim for negligence and NIED is not an independent tort, Plaintiff's NIED claim is dismissed without prejudice.

## IV. Damages

Finally, Defendants' motion to dismiss Plaintiff's claims for punitive damages in relation to claims one, two, three, four, and five pursuant to Section 1983 and for punitive and exemplary

damages in relation to claims six, seven, eight, nine and ten pursuant to California law is granted with leave to amend. Punitive damages for Section 1983 claims are only recoverable "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Moreover, to claim punitive damages under state law, Plaintiff must plead "oppression, fraud, or malice." Cal. Civ. Code § 3294(a).

Plaintiff's allegations fall short to support a plausible inference that Defendants acted with "evil motive or intent" or "oppression, fraud, or malice." *Smith*, 461 U.S. at 56; Cal. Civ Code § 3294(a). Plaintiff alleges that (1) Officer Terry almost struck "the side door into Plaintiff's face and upper torso," (Compl. at ¶ 34); (2) Plaintiff believed Officer Terry "would use his official position as a police officer to illegally and forcibly remove Plaintiff," (Compl. at ¶ 35); (3) Plaintiff did not "cave" to Officer Terry's demand (Compl. at ¶ 36); and (4) Officer Terry acted "in concert" with other officers to retaliate against him (Compl. at ¶ 55). However, because these allegations do not plausibly support the inference that Defendants acted with evil motive or intent nor oppression, fraud, or malice, Defendants' motion to dismiss punitive damages is granted with leave to amend.

## CONCLUSION

For the reasons stated above, the Court rules as follows:

- DENIES Defendants' motion to dismiss Plaintiff's first claim for search and seizure against Officer Terry.
- GRANTS Defendants' motion to dismiss Plaintiff's second claim for excessive force against Officer Terry with leave to amend.
- DENIES Defendants' motion to dismiss Plaintiff's third claim for municipal liability on the theory of ratification against Foster City and FCPD.
- GRANTS Defendants' motion to dismiss Plaintiff's fourth and fifth claims for municipal liability on the theories of failure to train and unconstitutional custom, respectively, against Foster City and FCPD with leave to amend.

- GRANTS Defendants' motion to dismiss Plaintiff's sixth, seventh, and ninth, and tenth claims under state law for battery by a police officer, IIED, Bane Act violation, negligent use of force, and NIED, respectively, against Foster City and FCPD with leave to amend.
- GRANTS Defendants' motion to dismiss Plaintiff's sixth, seventh, ninth, and tenth claims for battery by a police officer, IIED, negligent use of force, and NIED, respectively, against Officer Terry with leave to amend.
- DENIES Defendants' motion to dismiss Plaintiff's eighth claim for a Bane Act violation against Officer Terry.
- GRANTS Defendants' motion to dismiss Plaintiff's claims for punitive damages under Section 1983 and state law with leave to amend.

An amended complaint, if any, must be filed within 20 days of the date of this Order. Further, as discussed at the June 17th hearing, Defendants shall advise the Court in writing on or before July 16, 2021 as to whether they are willing to attend a settlement conference and, if so, when.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: June 30, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge