UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENG LIU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARCUS TERRY, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-01179-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO EXTEND TIME TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. No. 34 |

After granting in part and denying in part Defendants' motion to dismiss, the Court granted Plaintiff leave to file an amended complaint on or before July 20, 2021.[1] (Dkt. No. 29 at 14:11.)[2] The deadline passed, and Defendants answered the original complaint. (Dkt. No. 32.) Later that day, Plaintiff moved to strike Defendants' affirmative defenses. (Dkt. No. 33.) The day after moving to strike Defendants' affirmative defenses, Plaintiff filed the instant administrative motion to extend time to file an amended complaint until 20 days after a settlement conference is held. (Dkt. No. 34.) After carefully considering the parties' briefing, the Court concludes that a hearing is unnecessary, *see* N.D. Cal. Civ. L.R. 6-3(d), and rules as set forth below.

**I.   Procedural Requirements**

Civil Local Rule 6-3 governs a motion to enlarge time "that alters an event or deadline

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 11.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

already fixed by Court order or that involves papers required to be filed or lodged with the Court." N.D. Cal. Civ. L.R. 6-1(b). The motion must be accompanied by a declaration that:

> (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time;
> (2) Describes the efforts the party has made to obtain a stipulation to the time change;
> (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; . . .
> (5) Discloses all previous time modifications in the case, whether by stipulation or Court order; [and]
> (6) Describes the effect the requested time modification would have on the schedule for the case.

N.D. Cal. Civ. L.R. 6-3(a).

Plaintiff moved to extend time pursuant to Civil Local Rule 7-11. (Dkt. No. 34 at 2.) This is an improper basis for the motion because enlarging time is "otherwise governed by a . . . local rule," that is, Civil Local Rule 6-3. N.D. Cal. Civ. L.R. 7-11. The motion does not describe Plaintiff's efforts to obtain a stipulation or explain why one could not be obtained.[3] Nor does it disclose previous time modifications in the case or describe the effect of enlarging time on the case schedule. The motion argues "good cause," but does not identify "substantial harm or prejudice" as set out in Civil Local Rule 6-3. Finally, Plaintiff filed two declarations in support of the motion after Defendants timely filed their opposition. (Dkt. Nos. 37, 38.) Both declarations respond to Defendants' arguments, (*see* Dkt. No. 37 ¶¶ 9-17; Dkt. No. 38 ¶¶ 2, 8), functioning as improper replies to the opposition. *See* N.D. Cal. Civ. L.R. 6-3(d). Plaintiff's counsel declares that Defendants, without being asked by Plaintiff prior to filing the motion, never affirmatively communicated a willingness to stipulate to an extension—misconstruing the burden here. (Dkt. No. 37 ¶¶ 15-16.)

Plaintiff's suggestion that it was reasonable for him to assume Defendants would not stipulate because they had refused to agree to a settlement conference, (Dkt. No. 34 at 2:23–3:2, 5:2; Dkt. No. 34-1 ¶ 4; Dkt. No. 37 ¶ 16), misstates the record. Defendants' counsel did not

---

[3] Like Civil Local Rule 6-3, Civil Local Rule 7-11 requires "either a stipulation . . . [or] a declaration that explains why a stipulation could not be obtained." N.D. Cal. Civ. L.R. 7-11(a).

refuse the suggestion of a settlement conference at the June 17, 2021 hearing on the motion to dismiss. Rather, Defendants' counsel said that she did not have authorization from her clients to agree to a settlement conference, but that she would inquire. (*See* Dkt. No. 29 at 14:12-14.) She then did so and notified the Court, which issued an order on July 19, 2021 referring the parties for settlement. (Dkt. No. 30.)

## II. Whether Enlarging Time is Appropriate

Plaintiff's after-deadline-passed request is governed by Federal Rule of Civil Procedure 6(b). That Rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts "determine the issue of excusable neglect within the context of the particular case." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004). Excusable neglect is a "four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.*" Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Plaintiff has not shown excusable neglect.

First, as Defendants answered the unamended complaint when the deadline passed, they will be prejudiced by being required to answer again. This prejudice is compounded by Plaintiff having filed a motion to strike affirmative defenses the same day the answer was filed—and before Plaintiff filed a motion to enlarge the time to file an amended complaint. Defendants thus have had to begin to respond to a motion which Plaintiff is seeking to moot by enlarging the time to file an amended complaint.

Second, as no settlement conference date has been set, the length of the delay is unknown. Further, Plaintiff—a practicing attorney—is well aware of what happened the day of the incident. A settlement conference will be more productive if the alleged facts are stated, not held back.

Third, the reason given for the delay does not evidence any *excusable* neglect. Given that

3

the deadline was unambiguously July 20, 2021, Plaintiff does not explain what efforts he made prior to that date to amend the complaint. Again, Plaintiff is a practicing attorney and he knows what he believes happened the day of the incident and therefore what amended factual allegations he can, in good faith, make. He offers no explanation for why he apparently took no steps to draft an amended complaint prior to the deadline for doing so. Plaintiff's oblique and conclusory reference to a "mis-docketed deadline set by this Court to file the First Amended Complaint," (Dkt. No. 37 ¶ 12; Dkt. No. 38 ¶ 2), is insufficient.

Fourth, the Court does not find that Plaintiff acted in good faith. When Defendants answered the unamended complaint after the deadline passed, a good faith response would have been to immediately bring his error to Defendants' attention and ask for an extension. Plaintiff did not do so. Instead, *the same day the answer was filed*, Plaintiff moved to strike affirmative defenses raised in the answer which Plaintiff is now attempting to moot. Such litigation conduct is not good faith. Further, the Court notes that the dates repeatedly set forth in Plaintiff's counsel's declarations make no sense. (Dkt. No. 37 ¶¶ 12-13; Dkt. No. 38 ¶¶ 2, 4.) The Court expects that going forward Plaintiff (a practicing attorney) and his counsel will take more care before they consume public resources with this litigation.

* * *

Plaintiff's administrative motion is DENIED. Further, Plaintiff's motion to strike is dismissed without prejudice. Plaintiff shall meet and confer with Defendants in an attempt to resolve the issues before a motion to strike may be filed (but the Court is not extending the deadline to file the motion).

This Order disposes of Docket Nos. 34, 33.

**IT IS SO ORDERED.**

Dated: August 4, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge